■ FLORENCE DeLUCA et al., Appellants, v COUNTY OF NASSAU, Respondent. [615 NYS2d 741] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Goldstein J.), entered June 3, 1993, which denied their motion to strike the defendant's answer and the affirmative defense that the Administrative Code of Nassau County § 12-4.0 (e) requires prior written notice of a defect in order for the defect to give rise to a cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly held that the present case is governed by *Zash v County of Nassau* (171 AD2d 743). The Administrative Code of Nassau County requires prior written notice of a defect before a civil action may be maintained against the County for damages sustained by reason of *"any* sidewalk, street, highway, parking field, stairway, walkway, ramp, driveway, bridge, culvert, curb or gutter" (Administrative Code of Nassau County § 12-4.0 [e]; emphasis supplied). Although the plaintiffs contend that section 12-4.0 (e) should not be applied to a pathway within a county community college, we find the statute's reference to *"any"* sidewalk or walkway to be dispositive. Accordingly, the Supreme Court correctly refused to dismiss the County's affirmative defense, which asserted that Administrative Code notice requirement.

We have reviewed the plaintiffs' remaining contentions and find them without merit. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.