(April 12, 2004)

■ SELMA ACHESON et al., Respondents, v CITY OF MOUNT VERNON, Appellant. [774 NYS2d 432]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered May 30, 2003, as denied its motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff, Selma Acheson (hereinafter the injured plaintiff), allegedly tripped and fell on a defect in a roadway located in the City of Mount Vernon. The defendant moved, inter alia, for summary judgment on the ground, inter alia, that it did not receive prior written notice of the alleged defect as required by Mount Vernon City Charter § 265.

In the absence of any evidence that a municipality created the defect, prior written notice of an alleged defective condition in a roadway is a condition precedent to commencing a personal injury action against a municipal defendant (*see Gellos v Town of Hempstead*, 284 AD2d 370 [2001]). The affidavits submitted by the defendant in support of its motion for summary judgment established, prima facie, that it did not receive prior written notice of the alleged defect (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiffs failed to raise a triable issue of fact in opposition to the motion. The letter dated September 8, 1998, written by the plaintiff John Acheson to the Mayor of the City of Mount Vernon complaining of the poor condition of the roadway did not constitute prior written notice of the particular defect on which the injured plaintiff subsequently fell (*see Gellos v Town of Hempstead, supra; Damante v Town of Hempstead*, 227 AD2d 433, 434 [1996]).

Accordingly, the defendant's motion should have been granted. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.