■ DENISE FILASKI-FITZGERALD et al., Appellants, v TOWN OF HUNTINGTON, Respondent, et al., Defendant. [795 NYS2d 614]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated

October 10, 2003, as granted the motion of the defendant Town of Huntington for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Huntington Town Code, article V, § 173-18, requires that prior written notice of a sidewalk or street condition be given to the Huntington Town Clerk or Superintendent of Highways before an action may be maintained against the Town of Huntington to recover damages for personal injuries. The only exceptions to such requirement which have been recognized by the Court of Appeals are where the municipality affirmatively created the defect, or where a special use confers a special benefit on the municipality (*see Amabile v City of Buffalo,* 93 NY2d 471, 473 [1999]).

Here it is undisputed that no prior written notice of the allegedly defective drainage grate where the injured plaintiff fell was given to the Town. Furthermore, contrary to the plaintiffs' contentions, they failed to demonstrate that the allegedly defective condition was created by the Town's affirmative negligence (*see Galante v Village of Sea Cliff,* 13 AD3d 577 [2004]; *Corey v Town of Huntington,* 9 AD3d 345 [2004]), nor was there any claim of special use.

Accordingly, .the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Gillan v Town of Clarkstown,* 251 AD2d 287 [1998]; *Zawacki v Town of N. Hempstead,* 184 AD2d 697 [1992]). Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.