■ SCOTT BALSAN, Respondent, v COUNTY OF SUFFOLK, Appellant. [796 NYS2d 413]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 15, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contentions, the prior written notice requirement of Suffolk County Charter § C8-2A is inapplicable under the circumstances presented (*see Martorano v McNair*, 208 AD2d 909 [1994]). The driveway of the abandoned home where the plaintiff slipped and fell due to the accumulation of snow and ice was not the functional equivalent of any of the enumerated locations or structures set forth in Suffolk County Charter § C8-2A (*see Walker v Town of Hempstead*, 84 NY2d 360 [1994]; *cf. Woodson v City of New York*, 93 NY2d 936 [1999]; *Gonzalez v Town of Mt. Pleasant*, 263 AD2d 464 [1999]; *Tramontano v County of Suffolk*, 239 AD2d 407 [1997]; *Doherty v Town of Clarkstown*, 233 AD2d 477 [1996]). Since the facts of this case do not fall within Suffolk County Charter § C8-2A, the

failure to have given the defendant prior written notice of the snowy and icy condition encountered by the plaintiff on the date of the accident did not warrant summary judgment dismissing the complaint.

Moreover, the Supreme Court properly determined that there is a triable issue of fact as to whether the defendant had sufficient time after the precipitation and temperature fluctuations ended to remedy the condition complained of (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendant's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.