JOHN KATSOUDAS, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [815 NYS2d 243]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated September 14, 2004, as granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective street or sidewalk condition absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady,* 85 NY2d 310, 313 [1995]). The Court of Appeals has recognized two exceptions to this rule, ''namely, where the locality created the defect or hazard through an affirmative act of negligence [and] where a 'special use' confers a special benefit upon the locality'' (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]; *Filaski-Fitzgerald v Town of Huntington,* 18 AD3d 603, 604 [2005]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]).

Here, the defendant City of New York established its entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defect (*see Mahler v Incorporated Vil. of Port Jefferson,* 18 AD3d 450, 451 [2005]; *Gold v County of Westchester, supra; Corey v Town of Huntington,* 9 AD3d 345, 346 [2004]; *Acheson v City of Mount Vernon,* 6 AD3d 468, 469 [2004]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the City affirmatively created the alleged defect (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The testimony of the defendant Joseph Montalbano, Jr., to the effect that the depressions in the roadway appeared at some unspecified time after some Department of Environmental Protection employees came by the area and perhaps performed some unknown task near the accident site, was too speculative to raise a triable issue of fact (*see Palkovic v Town of Brookhaven,* 166 AD2d 566, 567 [1990]). Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.