(October 13, 2009)

■ CARLEEN ABANO, JR., Appellant, v SUFFOLK COUNTY COMMUNITY COLLEGE et al., Respondents. [887 NYS2d 200]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 20, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she was injured when she slipped and fell on a defective walkway on the Selden Campus of Suffolk County Community College. A municipality that has adopted a "prior written notice law" cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Wilkie v Town of Huntington, 29 AD3d 898 [2006]; Katsoudas v City of New York, 29 AD3d 740, 741 [2006]). The only two exceptions recognized by the Court of Appeals are the municipality's affirmative creation of the defect and its special use of the property (see Amabile v City of Buffalo, 93 NY2d 471, 473 [1999]; Filaski-Fitzgerald v Town of Huntington, 18 AD3d 603, 604 [2005]).

The defendants established their entitlement to judgment as a matter of law by demonstrating that they did not have prior written notice of the allegedly dangerous condition that purportedly caused the plaintiff's fall, as required by the Suffolk County Charter (see Suffolk County Charter § C8-2 [A]; Delgado v County of Suffolk, 40 AD3d 575 [2007]; Healy v Village of Patchogue, 28 AD3d 519 [2006]; Greenberg v McLaughlin, 242 AD2d 603 [1997]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact or establish that either of the recognized exceptions to written notice apply in this case. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Skelos, J.P., Santucci, Belen and Hall, JJ., concur.