■ JUDITH FORBES, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [926 NYS2d 309]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Sherman, J.), dated September 30, 2010, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she was injured when she slipped and fell as a result of a defective condition on a sidewalk in Brooklyn. A municipality that has adopted a "prior written notice law" cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Abano v Suffolk County Community Coll.*, 66 AD3d 719 [2009]; *Katsoudas v City of New York*, 29 AD3d 740, 741 [2006]). It is undisputed that the defendant City of New York never received prior written notice of the alleged dangerous condition. The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]). Moreover, the " 'affirmative negligence exception . . . [is] limited to work by the [municipality] that *immediately* results in the existence of a dangerous condition' " (*Oboler v City of New York*, 8 NY3d 888, 889 [2007], quoting *Bielecki v City of New York*, 14 AD3d 301, 301 [2005]).

Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged dangerous condition as required by the Administrative Code of the City of New York (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Almodovar v City of New York*, 240 AD2d 523 [1997]; *Zinno v City of New York*, 160 AD2d 795 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether either of the recognized exceptions to the prior written notice requirement applies.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725 [2003]; *Harvey v Monteforte*, 292 AD2d 420 [2002]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.