■ HANOVER INSURANCE COMPANY, as Subrogee of Sherwood Modular Concepts, Respondent, v TOWN OF PAWLING, Appellant. [943 NYS2d 152]—

In a subrogation action to recover damages for injury to property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands,

J.), dated June 16, 2010, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Abano v Suffolk County Community Coll.*, 66 AD3d 719 [2009]; *Katsoudas v City of New York*, 29 AD3d 740, 741 [2006]). Where such a municipality establishes that it lacked prior written notice of an alleged defect, the burden shifts to the plaintiff to demonstrate the applicability of one of the two recognized exceptions to the prior written notice requirement (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1007-1008 [2010]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d at 1107; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]). "Moreover, the affirmative negligence exception . . . [is] limited to work by the [municipality] that immediately results in the existence of a dangerous condition" (*Forbes v City of New York*, 85 AD3d at 1107 [internal quotation marks omitted]; *see Yarborough v City of New York*, 10 NY3d at 728; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Bielecki v City of New York*, 14 AD3d 301, 301 [2005]).

The defendant, the Town of Pawling, has adopted an applicable prior written notice law. The Code of the Town of Pawling provides, in pertinent part, that "[n]o civil action shall be maintained against the Town of Pawling . . . for damages or injuries to person or property sustained by reason of any street, highway, bridge or culvert owned by the Town of Pawling . . . being defective, out of repair, unsafe, dangerous or obstructed, unless actual prior written notice of such defective, unsafe, dangerous or obstructed condition of such street, highway, bridge or culvert . . . was actually given to the Town Clerk of the Town of Pawling or the Superintendent of Highways of the Town of Pawling and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of" (Code of Town of Pawling § 139-1).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the defect alleged by the plaintiff as required by the Code of the Town of Pawling. Contrary to the Supreme Court's determination, in opposition, the plaintiff failed to raise a triable issue of fact as to whether either of the two recognized exceptions to the prior written notice requirement applied. Accordingly, the Supreme Court erred in denying the defendant's cross motion for summary judgment dismissing the complaint.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.