■ MICHAEL LEVY, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [943 NYS2d 187]—

In an action to recover damages for personal injuries, the defendants City of New York, the New York City Department of Water Supply, and the New York City Department of Transportation appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered August 3, 2010, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York, the New York City Department of Water Supply, and the New York City Department of Transportation which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly was injured when he tripped and fell as a result of a defect in the roadway adjacent to a hydrant gate box owned by the defendant City of New York. The hydrant gate box controlled the flow of water to a nearby fire hydrant. The Supreme Court, inter alia, denied that branch of the motion of the City, the defendant New York City Department of Water Supply, and the defendant New York City Department of Transportation (hereinafter collectively the City defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. The City defendants appeal, and we reverse the order insofar as appealed from.

Where a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries arising from a defective roadway unless either it has received prior written notice of the defective condition or an exception to the prior written notice requirement applies (*see De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Griesbeck v County of Suffolk*, 44 AD3d 618, 619 [2007]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512 [2005]). The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it (*see*

*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]). Moreover, "the affirmative negligence exception 'is limited to work by the City that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Here, the City defendants established their prima facie entitlement to judgment as a matter of law by providing evidence that they did not have prior written notice of the alleged defective condition as required by the Administrative Code of the City of New York (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *Marshall v City of New York*, 52 AD3d 586 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether either of the recognized exceptions to the prior written notice requirement applies (*see Forbes v City of New York*, 85 AD3d at 1107).

Accordingly, the Supreme Court should have granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.