(October 10, 2012)

■ ROSE ALBANO, Appellant, v SUFFOLK COUNTY et al., Respondents. [952 NYS2d 245]—

The plaintiff alleged that, while attending a graduation ceremony at the defendant Suffolk County Community College (hereinafter the College), she tripped and fell on a defective condition on the campus grounds. The plaintiff commenced this action to recover damages for personal injuries against the Col-

lege and Suffolk County. The defendants moved for summary judgment dismissing the complaint on the ground that they had no prior written notice of the alleged defect as required by Suffolk County Charter § C8-2 (A). "A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055 [2012], *lv denied* 19 NY3d 811 [2012]; *Abano v Suffolk County Community Coll.*, 66 AD3d 719 [2009]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d at 1107; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have prior written notice of the alleged dangerous condition, and that it was located in an area subject to the prior written notice provisions of Suffolk County Charter § C8-2 (A) (*see Abano v Suffolk County Community Coll.*, 66 AD3d at 719; *cf. Balsan v County of Suffolk*, 19 AD3d 342 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants received prior written notice, or whether either of the recognized exceptions to the prior written notice requirement applied (*see Hanover Ins. Co. v Town of Pawling*, 94 AD3d at 1056; *Forbes v City of New York*, 85 AD3d at 1107). Accordingly, the Supreme Court properly granted the County's motion.

The plaintiff's contention that the prior written notice law does not apply because, in light of particular characteristics of the subject area, it does not fall within certain specific categories enumerated in section C8-2 (A) of the Suffolk County Charter, is improperly raised for the first time on appeal and, therefore, is not properly before this Court.

The plaintiff's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur. ∎