■ Kathleen Eisenhauer, Appellant, v County of Nassau et al., Respondents. [964 NYS2d 625]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 16, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have prior written notice of the alleged dangerous condition, and that the alleged condition was located in an area subject to the prior written notice provisions of Nassau County Administrative Code § 12-4.0 (e) (*see Albano v Suffolk County*, 99 AD3d 741, 742 [2012]; *Bryan v City of Peekskill*, 74 AD3d 1115, 1115 [2010]; *DeLuca v County of Nassau*, 207 AD2d 428 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 129 [2011]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Albano v Suffolk County*, 99 AD3d at 742). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's contention that the application of the prior written notice requirement to the area of the accident is inconsistent with General Municipal Law § 50-e (4) was raised for the first time on appeal and, thus, is not properly before this Court (*see Lugo v Austin-Forest Assoc.*, 99 AD3d 865, 867 [2012]; *Kennedy v Arif*, 82 AD3d 1050, 1051 [2011]; *Whitehead v City of New York*, 79 AD3d 858, 861 [2010]).

The parties' remaining contentions need not be reached in light of our determination. Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.