In an action to recover damages for personal injuries, the defendant Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered December 11, 2012, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is reversed, on the law, with one bill of costs payable to the defendant Town of Oyster Bay by the defendants Scott Kinhackl, Michelle Kinhackl, and Antoinette Sarro, and the plaintiff Anthony Lipari, appearing separately and filing separate briefs, and the motion of the defendant Town of Oyster Bay for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly sustained personal injuries when he tripped and fell on a sidewalk slab raised by tree roots in front of a premises in the defendant Town of Oyster Bay. At the time of the accident, the defendants Scott Kinhackl, Michelle Kinhackl, and Antoinette Sarro were the owners and residents of the subject premises.
“A municipality that has adopted a ‘prior written notice law’ cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the *928 requirement applies” (Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055 [2012]; Abano v Suffolk County Community Coll., 66 AD3d 719, 719 [2009]; Katsoudas v City of New York, 29 AD3d 740, 741 [2006]). Where such a municipality establishes that it lacked prior written notice of an alleged defect, the burden shifts to the plaintiff to demonstrate the applicability of one of the two recognized exceptions to the prior written notice requirement (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Hanover Ins. Co. v Town of Pawling, 94 AD3d at 1056; Kiszenik v Town of Huntington, 70 AD3d 1007, 1007-1008 [2010]). “The only two recognized exceptions to a prior written notice requirement are the municipality’s affirmative creation of a defect or where the defect is created by the municipality’s special use of the property” (Forbes v City of New York, 85 AD3d at 1107; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Hanover Ins. Co. v Town of Pawling, 94 AD3d at 1056; Filaski-Fitzgerald v Town of Huntington, 18 AD3d 603, 604 [2005]).
In the complaint, the plaintiff did not allege that he complied with the prior written notice provisions contained in Town Law § 65-a (2) or section 160-1 of the Code of the Town of Oyster Bay. Instead, the plaintiff alleged in his notice of claim, complaint, and bill of particulars that the Town affirmatively created the subject dangerous condition through various specified acts of negligence. “[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings” (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]; see Miller v Village of E. Hampton, 98 AD3d 1007 [2012]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). The Supreme Court, in denying the Town’s motion, concluded that it failed to meet its prima facie burden since it did not demonstrate that it did not affirmatively create the condition alleged. However, the Supreme Court erred in so concluding.
The evidence submitted in support of the motion established that the planting of a tree or trees adjacent to the sidewalk where the accident occurred, and the alleged failure to maintain the roots of the tree or trees, would at most constitute nonfeasance, not affirmative negligence (see Monteleone v Incorporated Vil. of Floral Park, 143 AD2d 647 [1988], affd 74 NY2d 917 [1989]; Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725 [2003]; Michela v County of Nassau, 176 AD2d 707 [1991]). In opposition, neither the plaintiff nor the defendants Scott Kinhackl, Michelle Kinhackl, and Antoinette *929 Sarro raised a triable issue of fact as to whether the Town created the condition alleged through an affirmative act of negligence.
Therefore, the Supreme Court should have granted the Town’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.E, Balkin, Sgroi and LaSalle, JJ., concur.