■ FREDDIE PEREZ, Appellant, v CITY OF NEW YORK, Respondent. [984 NYS2d 412]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated January 24, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he fell after stepping off a sidewalk and onto a sunken portion of a roadway in Brooklyn. The plaintiff subsequently served a notice of claim upon the defendant, and thereafter commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the grounds, inter alia, that it did not receive prior written notice of the alleged defective condition as required by section 7-201 (c) of the Administrative Code of the City of New York. The Supreme Court granted the motion.

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Abano v Suffolk County Community Coll.*, 66 AD3d 719, 719 [2009]; *see Donnellan v City of New York*, 112 AD3d 780 [2013]; *Albano v Suffolk County*, 99 AD3d 741 [2012]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055 [2012]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]). If one of these two recognized exceptions applies, the written notice requirement is obviated (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 127 [2011]).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defective condition, as required by section 7-201 (c) of the Administrative Code of the City of New York (*see Groninger v Village of Mamaroneck*, 17 NY3d at 125; *Conner v City of New York*, 104 AD3d 637 [2013]; *Albano v Suffolk County*, 99 AD3d 741 [2012]; *cf. Bruni v City of New York*, 2 NY3d 319 [2004]), and that it did not affirmatively create the alleged defective condition (*see Gruska v City of New York*, 292 AD2d 498 [2002]; *Elstein v City of New York*, 209 AD2d 186 [1994]). The plaintiff did not allege that the subject condition was created by the defendant's special use of the roadway and, as such, the defendant was not required to address this exception.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff relied principally upon the affidavit of his expert engineer. Contrary to the plaintiff's assertions, this affidavit did not raise a triable issue of fact as to whether the defendant created the alleged defective condition, because the conclusions set forth by his expert were not supported by empirical data or any relevant construction practices or industry standards. Moreover, the expert's affidavit failed to explain how he reached the conclusion that the alleged defective condition was created by work performed by the defendant (*see Romano v Stanley*, 90 NY2d 444 [1997]; *Bohan v F.R.P. Sheet Metal Contr. Corp.*, 58 AD3d 781 [2009]; *Delgado v County of Suffolk*, 40 AD3d 575, 576 [2007]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Austin, Sgroi and Duffy, JJ., concur.