■ ASHER OSER, Appellant, v CITY OF NEW YORK, Respondent. [20 NYS3d 137]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated July 30, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained personal injuries when he was riding his bicycle in the bicycle lane of the Manhattan Bridge and came into contact with a metal expansion joint cover plate which was not flush with the surrounding surface. Thereafter, the plaintiff commenced this action against the defendant City of New York. The City moved for summary judgment dismissing the complaint, contending that the condition at issue was not hazardous and that, in any event, it did not have prior written notice of the alleged defect. The Supreme Court granted the motion. We reverse.

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (*see generally Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Vigil v City of New York*, 110 AD3d 986 [2013]). In addition, "[a] municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Abano v Suffolk County Community Coll.*, 66 AD3d 719, 719 [2009]; *see Donadio v City of New York*, 126 AD3d 851, 852 [2015];

*Albano v Suffolk County*, 99 AD3d 741, 742 [2012]). The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]).

Here, the City failed to establish, prima facie, that the subject metal expansion joint cover plate did not present a hazardous or defective condition (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Although the plaintiff does not dispute that the City did not have prior written notice of the alleged hazardous or defective condition, a triable issue of fact exists as to whether the City created the alleged hazardous or defective condition (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the City failed to establish its prima facie entitlement to judgment as a matter of law, and the Supreme Court should have denied the City's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.