■ BARBARA BREEST, Respondent, v LONG ISLAND RAILROAD et al., Defendants, and TOWN OF OYSTER BAY, Appellant. [33 NYS3d 420]—

In an action to recover damages for personal injuries, the defendant Town of Oyster Bay appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 7, 2015, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell in a parking lot. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Town of Oyster Bay. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court, among other things, denied that branch of the Town's motion. The Town appeals.

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Lipari v Town of Oyster Bay*, 116 AD3d 927, 927-928 [2014]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d at 1107; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]).

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Here, the plaintiff, in her pleadings, alleged that the Town created the hole in the parking lot that caused her to fall, and that the Town made a special use of the parking lot. Thus, in support of its motion for summary judgment, the Town was required to demonstrate, prima facie, that it did not have prior written notice of the allegedly defective condition, that it did not create the condition, and that it did not make a special use of the parking lot (*cf. McManus v Klein*, 136 AD3d 700, 701 [2016];

*Maya v Town of Hempstead*, 127 AD3d 1146, 1148 [2015]; *Wald v City of New York*, 115 AD3d 939, 940-941 [2014]). Since the Town failed to make this showing, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact.

Accordingly, the Supreme Court properly denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.