Melvin Gibbs, III, Appellant,
 against
Incorporated Village of Freeport and Incorporated 
 Village of Freeport Department of Public Works, Respondents. 
Melvin Gibbs, III, appellant pro se.
Robert McLaughlin, Esq., for respondents.

Appeal from an order of the District Court of Nassau County, First District (Joseph B. Girardi, J.), dated December 16, 2016. The order, insofar as appealed from, granted defendants' motion to dismiss the action.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $2,563.50, alleging that, on November 23, 2015, due to the inadequate maintenance of a manhole on a road in the Village of Freeport (the Village), his vehicle had suffered irreparable damage. Defendants moved to dismiss the complaint, submitting an affidavit from the Village clerk, who averred that her office is responsible for the filing and retention of Village documents, including all written notices of unsafe, defective or dangerous conditions on any street, and that there was no prior written notice of any defect at the location where plaintiff alleged his vehicle had been damaged. Defendants relied on New York State Village Law § 6-628, which states, in pertinent part, that no civil action shall be maintained against a village for damages because of any street being defective, unsafe, dangerous or obstructed unless written notice of such condition had actually been given to the village clerk and there was a failure or neglect within a reasonable time after receipt of such notice to repair or remove the condition. In opposition, plaintiff argued that defendants had a duty to maintain the street in a reasonably safe condition and they failed to do so.
By order dated December 16, 2016, the District Court granted defendants' motion, finding that plaintiff had failed to prove prior written notice of the defective or dangerous condition being sued.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055 [2012]; Abano v Suffolk County Community Coll., 66 AD3d 719 [2009]; Katsoudas v City of New York, 29 AD3d 740 [2006]). Where a municipality establishes that it lacked a required prior written notice of defect, the burden shifts to the plaintiff to demonstrate the applicability of one of the two recognized exceptions to the prior written notice requirement (see Yarborough v City of New York, 10 NY3d 726 [2008]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055; Kiszenik v Town of Huntington, 70 AD3d 1007 [2010]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (Forbes v City of New York, 85 AD3d at 1107; see Amabile v City of Buffalo, 93 NY2d 471 [1999]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055; Filaski—Fitzgerald v Town of Huntington, 18 AD3d 603 [2005]).
Here, in opposition to defendants' motion, plaintiff did not assert that defendants had prior written notice pursuant to the provisions set forth in Village Law § 6-628 or section 27-3 of the Code of the Village of Freeport, which both require prior written notice of the defective, unsafe, dangerous or obstructed condition in order to maintain a civil action against the Village for damages resulting therefrom. In addition, plaintiff failed to demonstrate that the Village affirmatively created any defect, and "presented no proof as to the alleged special use of the manhole" (Schleif v City of New York, 60 AD3d 926, 928 [2009]). 
Finally, the record shows that defendants responded to plaintiff's Freedom of Information Law (F.O.I.L.) requests and, thus, plaintiff's argument that the action should not have been dismissed because defendants "evaded" his F.O.I.L. requests is without merit.
As the order, insofar as appealed from, provided the parties with substantial justice (see UDCA 1804, 1807), the order, insofar as appealed from, is affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2018