Gori v City of New York (2019 NY Slip Op 02856)





Gori v City of New York


2019 NY Slip Op 02856


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-01429
 (Index No. 4204/14)

[*1]Regina Gori, appellant,
v
City of New York, respondent.


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Brian J. Shoot and Vito A. Cannavo of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner, Emma Grunberg, and Nwamaka Ejebe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 3, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she was thrown from her bicycle while riding in Brooklyn when the front wheel of her bicycle became caught on a depressed manhole cover owned by the City of New York. The plaintiff commenced this action against the City to recover damages for personal injuries, alleging, inter alia, that the City had prior written notice of the allegedly dangerous manhole cover, was negligent in failing to maintain the accident site, and violated its statutory duty to maintain the area pursuant to 34 RCNY § 2-07(b). After discovery, the City moved for summary judgment dismissing the complaint, arguing, inter alia, that it did not have prior written notice of the alleged condition as required under section 7-201(c)(2) of the Administrative Code of the City of New York, and that no recognized exception to the prior written notice requirement applied. The plaintiff opposed, arguing that the City failed to establish, prima facie, that it lacked prior written notice of the alleged condition, and that section 7-201(c)(2) did not apply in light of the City's nondelegable duty under 34 RCNY § 2-07(b). The Supreme Court granted the City's motion, and the plaintiff appeals.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for a defect within the scope of the law unless it has received prior written notice of the defect or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474; Albano v Suffolk County, 99 AD3d 741, 742; Forbes v City of New York, 85 AD3d 1106, 1107). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (Forbes v City of New York, 85 AD3d at 1107; see Amabile v City of Buffalo, 93 NY2d at 474).
The City established its prima facie entitlement to judgment as a matter of law by presenting evidence that the City agency responsible for maintaining the subject manhole cover did not have prior written notice of the alleged condition of the manhole cover as required by Administrative Code of the City of New York § 7-201(c)(2) (see Conner v City of New York, 104 AD3d 637, 638; cf. Bruni v City of New York, 2 NY3d 319, 325), and that no recognized exception to the prior written notice requirement applies. In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; Conner v City of New York, 104 AD3d at 638). Contrary to the plaintiff's contention, the City's duty to maintain city-owned street manhole covers in accordance with 34 RCNY § 2-07(b) does not obviate the requirement of prior written notice under section 7-201(c)(2) or the application of a recognized exception thereto as a condition precedent to a civil lawsuit against the City (see Administrative Code § 7-201[c][2]; see also Oboler v City of New York, 8 NY3d 888, 889).
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before us.
Accordingly, we agree with the Supreme Court's determination to grant the City's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court