Montemurro v Nassau County (2020 NY Slip Op 06521)





Montemurro v Nassau County


2020 NY Slip Op 06521


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-12758
 (Index No. 3136/16)

[*1]Lina Montemurro, et al., respondents,
v
Nassau County, et al., defendants, Village of Sea Cliff, appellant.


Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellant.
Michael R. Rossi, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Village of Sea Cliff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered August 14, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Lina Montemurro (hereinafter the plaintiff) allegedly was injured when she tripped and fell in the crosswalk located on Sea Cliff Avenue at the intersection with Main Avenue in the defendant Village of Sea Cliff. The Village moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not own, control, or maintain the roadway where the accident occurred and that it did not create or cause the defect that allegedly caused the plaintiff's accident. In an order entered August 14, 2018, the Supreme Court denied the Village's motion. The Village appeals.
A municipality cannot be held liable for the failure to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty (see Miller v County of Suffolk, 163 AD3d 954, 957; Horn v Town of Clarkstown, 46 AD3d 621, 622). Here, the evidence proffered by the Village established that Nassau County was responsible for the maintenance and repair of Sea Cliff Avenue; however, "the prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Breest v Long Is. R.R., 140 AD3d 819, 819-820). Here, the plaintiffs asserted in their bill of particulars that the Village negligently caused and/or permitted an unsafe condition to exist in the crosswalk at issue by obscuring a defective condition in the pavement with paint. Thus, in support of its motion for summary judgment, the Village was required to demonstrate, prima facie, that it did not create and/or permit an unsafe condition to exist in the crosswalk at issue by obscuring a defective condition in the pavement with paint. Since the Village failed to make that showing, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York [*2]Univ. Med. Ctr., 64 NY2d 851, 853; Breest v Long Is. R.R., 140 AD3d at 820).
Accordingly, we agree with the Supreme Court's determination to deny the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court