Rivera v City of New York (2021 NY Slip Op 08270)





Rivera v City of New York


2021 NY Slip Op 08270


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-05462
 (Index No. 16383/14)

[*1]Juana M. Rivera, plaintiff-respondent,
v
City of New York, defendant-respondent, Estate of Joan Jones, appellant, et al., defendant.


Milber Makris Plousadis & Seiden, LLP, White Plains, NY (Natasha J. Rabinovich of counsel), for appellant.
Law Office of Daniel Chavez P.C., Bronx, NY (Elizabeth Mark Meyerson of counsel), for plaintiff-respondent.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Estate of Joan Jones appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 22, 2019. The order denied the motion of the defendant Estate of Joan Jones for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was walking on a sidewalk when she fell due to a height differential between a sidewalk flagstone and an abutting driveway apron. The driveway was shared by a property owned by the defendant Estate of Joan Jones (hereinafter the Estate) and a property owned by the defendant Barnaby Everton. The plaintiff commenced this personal injury action. Subsequently, the Estate moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that there was no hazardous condition, and that it neither created the alleged hazardous condition nor had notice of its existence. The Supreme Court denied the motion, and the Estate appeals.
"Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury" (Oser v City of New York, 133 AD3d 728, 728). Here, the Estate failed to establish, prima facie, that the height differential was not a hazardous condition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Julianne Oldham-Powers v Longwood Cent. Sch. Dist., 123 AD3d 681, 682-683; Fasano v Green-Wood Cemetery, 21 AD3d 446), and that it did not have notice of the alleged hazardous condition (see Gordon v American Museum of Natural History, 67 NY2d 836). Accordingly, the Supreme Court properly denied the Estate's motion without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court