Sessa v Peconic Bay Med. Ctr. (2021 NY Slip Op 07570)





Sessa v Peconic Bay Med. Ctr.


2021 NY Slip Op 07570


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-03076
 (Index No. 14578/13)

[*1]Judith Sessa, respondent-appellant, 
v
Peconic Bay Medical Center, et al., defendants-respondents, Andrew Wackett, etc., et al., appellants-respondents, et al., defendants.


Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Salvatore J. Leto of counsel), for appellants-respondents Andrew Wackett and Brian McMahon.
Kelly, Rode and Kelly, LLP, Mineola, NY (Brian M. Dunphy of counsel), for appellant-respondent John Brennan.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Carolyn M. Caccese and Beth S. Gereg of counsel), for respondent-appellant.
Kerley Walsh Matera & Cinquemani P.C., Seaford, NY (Lauren B. Bristol of counsel), for defendant-respondent Peconic Bay Medical Center.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, the defendant John Brennan appeals, the defendants Andrew Wackett and Brian McMahon separately appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated November 6, 2017. The order, insofar as appealed from by the defendant John Brennan, denied those branches of his motion which were for summary judgment dismissing the cause of action alleging medical malpractice and all cross claims insofar as asserted against him. The order, insofar as appealed from by the defendants Andrew Wackett and Brian McMahon, denied those branches of their motion which were for summary judgment dismissing the cause of action alleging medical malpractice and all cross claims insofar as asserted against them. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Peconic Bay Medical Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendants John Brennan, Andrew Wackett, and Brian McMahon.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Peconic Bay Medical Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendants Andrew Wackett and Brian McMahon, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant John Brennan and the defendants Andrew Wackett and Brian McMahon appearing separately and filing separate briefs.
On June 30, 2011, the plaintiff presented to the emergency room at the defendant hospital, Peconic Bay Medical Center (hereinafter Peconic Bay), complaining of pain in her left arm after having fallen in her home. It was determined that her left elbow was dislocated. Various attending physicians rendered medical care and treatment to the plaintiff, including the defendants Andrew Wackett and Brian McMahon, who performed elbow reduction procedures on the plaintiff. The plaintiff was discharged from Peconic Bay in the early morning of July 1, 2011, but returned to the emergency room later that evening with complaints of increased pain and swelling, and an inability to bend her fingers. An orthopedic consultation was ordered. The defendant John Brennan, an orthopedist, examined the plaintiff at Peconic Bay and determined that she should be evaluated by a vascular specialist. As none was available at that time at Peconic Bay, Brennan, who also had privileges at the nonparty hospital Stony Brook University Hospital, had the plaintiff transferred there for a vascular consultation and further treatment. Thereafter, the condition of the plaintiff's left hand worsened, and became necrotic, ultimately leading to the amputation of the plaintiff's left arm below the elbow.
The plaintiff commenced this medical malpractice action against, among others, Peconic Bay, Wackett, and McMahon, alleging, inter alia, negligence in failing to reduce her left elbow dislocation and adequately assess her neurovascular condition, resulting in necrosis and ultimately the amputation of her left arm below the elbow. The plaintiff commenced a separate medical malpractice action against, among others, Brennan, alleging, among other things, negligence in his treatment of the plaintiff. The two actions were subsequently consolidated. By separate motions, Wackett and McMahon, Peconic Bay, and Brennan moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. In the order appealed from, the Supreme Court, inter alia, granted Peconic Bay's motion; denied those branches of Wackett's and McMahon's motion which were for summary judgment dismissing the cause of action alleging medical malpractice and all cross claims insofar as asserted against them; and denied those branches of Brennan's motion which were for summary judgment dismissing the cause of action alleging medical malpractice and all cross claims insofar as asserted against him. Brennan appeals, and Wackett and McMahon separately appeal. The plaintiff cross-appeals from so much of the order as granted Peconic Bay's motion insofar as it was predicated on the vicarious liability of Brennan, Wackett, and McMahon.
The essential elements of a medical malpractice cause of action are that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation or departure was a proximate cause of the plaintiff's injuries (see Gross v Friedman, 73 NY2d 721, 723; Stukas v Streiter, 83 AD3d 18, 23). Thus, a defendant moving for summary judgment dismissing a cause of action alleging medical malpractice bears the initial burden of establishing that there was no departure or that any alleged departure did not proximately cause the plaintiff's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1150; Elstein v Hammer, 192 AD3d 1075, 1076; Roca v Perel, 51 AD3d 757, 758-759). If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). Generally, where the parties adduce conflicting competent medical expert opinions, summary judgment is not appropriate, as such credibility issues can only be resolved by the trier of fact (see Barrocales v New York Methodist Hosp., 122 AD3d 648, 649; Bjorke v Rubenstein, 53 AD3d 519, 520).
Here, contrary to the plaintiff's contentions, Wackett, McMahon, and Brennan each made a prima facie showing of entitlement to judgment as a matter of law through the respective submissions of their medical experts, who averred that based upon their review of the medical records, among other things, these doctors' treatment of the plaintiff was within the appropriate standard of medical care, and, in any event, that the alleged departures were not a proximate cause of the plaintiff's alleged injuries (see Longhi v Lewit, 187 AD3d 873, 878; Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585; Rosenman v Shrestha, 48 AD3d 781, 783). In opposition to the motion of Wackett and McMahon, however, the plaintiff raised triable issues of fact by submitting an affirmation from a medical expert who competently concluded, inter alia, that Wackett and McMahon departed from good and accepted medical practice by failing to request an orthopedic consultation, failing to consult a radiologist, subjecting the plaintiff to a second attempt at elbow [*2]reduction, and discharging the plaintiff from Peconic Bay with an unstable dislocated elbow, and that these alleged departures were a proximate cause of the plaintiff's alleged injuries and amputation. The plaintiff also raised a triable issue of fact in opposition to Brennan's motion by submitting an affirmation from another medical expert who competently concluded, inter alia, that Brennan's failure to order an angiogram of the plaintiff's left arm was a departure from and good and accepted medical practice, that ordering a vascular consultation alone was not sufficient, and that these departures were a proximate cause of the plaintiff's alleged injuries and amputation (see Joyner v Middletown Med., P.C., 183 AD3d 593, 594-595; Carter v Tana, 68 AD3d 1577, 1579-1580). Accordingly, the Supreme Court correctly denied the respective branches of the motion of Wackett and McMahon, and the separate motion of Brennan, which were for summary judgment dismissing the medical malpractice cause of action and all cross claims insofar as asserted against each of them.
As to Peconic Bay, in general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for the negligence or malpractice of an independent physician who is not its employee (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Goffredo v St. Luke's Cornwall Hosp., 194 AD3d 699, 700; Fuessel v Chin, 179 AD3d 899, 901; Galluccio v Grossman, 161 AD3d 1049, 1052). "While vicarious liability for medical malpractice generally turns, therefore, on agency or control in fact" (Hill v St. Clare's Hosp., 67 NY2d at 79), courts also recognize "as a predicate for malpractice liability apparent or ostensible agency" (id.; see Kavanaugh by Gonzales v Nussbaum, 71 NY2d 535, 547). Under a theory of apparent or ostensible agency, "a hospital or clinic [is] responsible to a patient who sought medical care at the hospital or clinic rather than from any particular physician although the physician whose malpractice caused injury to the patient was not an employee of the hospital or clinic" (Hill v St. Clare's Hosp., 67 NY2d at 80-81; see Loaiza v Lam, 107 AD3d 951, 952). "To establish its entitlement to summary judgment dismissing a claim of vicarious liability, a hospital must address and rebut any such allegations contained in the complaint and the bill of particulars" (Mitchell v Goncalves, 179 AD3d 787, 789; see Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d at 1235; see also Fuessel v Chin, 179 AD3d at 901; Muslim v Horizon Med. Group, P.C., 118 AD3d 681, 683). In the absence of such a showing, the hospital must establish either that the physician was not negligent or that the physician's negligence was not a proximate cause of the plaintiff's injuries (see Mitchell v Goncalves, 179 AD3d at 789; Lormel v Macura, 113 AD3d 734, 735).
The plaintiff contends that Peconic Bay failed to eliminate triable issues of fact concerning its vicarious liability for the alleged malpractice of Brennan, Wackett, and McMahon. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Lipari v Town of Oyster Bay, 116 AD3d 927, 928; see generally Alvarez v Prospect Hosp., 68 NY2d at 325). Here, neither the complaint nor the bill of particulars as to Peconic Bay identified Brennan among the doctors who treated the plaintiff and for whose negligence Peconic Bay was vicariously liable. Nor did the complaint or bill of particulars as to Peconic Bay allege facts that would support a finding of apparent or ostensible agency as to Brennan. Further, in opposition to Peconic Bay's motion, the plaintiff made no arguments concerning the orthopedic consultation by Brennan at Peconic Bay and limited her opposition to the physicians who treated her in the emergency room. Thus, contrary to the plaintiff's contention, Peconic Bay was not obligated to establish the absence of apparent or ostensible agency with respect to Brennan in order to make a prima facie showing of its entitlement to summary judgment (see generally Mitchell v Goncalves, 179 AD3d at 789; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d at 1235; Lipari v Town of Oyster Bay, 116 AD3d at 928). Accordingly, the Supreme Court properly granted that branch of Peconic Bay's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged malpractice of Brennan.
However, the medical malpractice cause of action asserted against Peconic Bay alleged that the plaintiff twice sought treatment in Peconic Bay's emergency room and was treated by, among others, Wackett and McMahon. In moving for summary judgment, Peconic Bay established that neither Wackett nor McMahon was its employee. Nevertheless, the evidence [*3]submitted in support of its motion for summary judgment was insufficient to demonstrate, prima facie, that the plaintiff entered Peconic Bay's emergency room seeking treatment from Wackett or McMahon privately rather than from the hospital itself, and thus, that these physicians did not have apparent or ostensible agency of Peconic Bay (see Fuessel v Chin, 179 AD3d at 901-902; Loaiza v Lam, 107 AD3d at 953; Abraham v Dulit, 255 AD2d 345). Peconic Bay further failed to eliminate any triable issues of fact as to whether Wackett or McMahon was negligent in his care and treatment of the plaintiff (see Mitchell v Goncalves, 179 AD3d at 789). Accordingly, the Supreme Court should have denied that branch of Peconic Bay's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of Wackett and McMahon.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court