■ JUDY CORTES et al., Appellants, v CITY OF MOUNT VERNON et al., Respondents. [692 NYS2d 148] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), entered April 7, 1998, which granted the respective motions of the defendant City of Mount Vernon and the defendants Maria Diorgi, Dominick Pezzo, Pat Pezzo, and Theresa Corpino for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Judy Cortes allegedly sustained injuries when she tripped and fell on a raised portion of a public sidewalk in the City of Mount Vernon. After the defendants Maria Diorgi, Dominick Pezzo, Pat Pezzo, and Theresa Corpino made out a prima facie case for summary judgment, the plaintiffs did not meet their burden of establishing the existence of a triable issue of fact as to whether the alleged defect was created by the owners of the abutting property (*see, Darringer v Furtsch,* 225 AD2d 577; *Zizzo v City of New York,* 176 AD2d 722, 723). An abutting owner will not be held responsible for the condition which caused the accident merely because he or she undertook repairs to other, unrelated areas of the sidewalk (*see, Yass v Deepvale Gardens,* 187 AD2d 506, 507).

The dismissal of the complaint against the defendant City of Mount Vernon was also proper since the City submitted sufficient proof that it did not receive prior written notice of the alleged sidewalk defect (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Cruz v City of New York,* 218 AD2d 546, 547; *Wisnowski v City of Syracuse,* 213 AD2d 1069; *Goldberg v Town of Hemp-*

*stead,* 156 AD2d 639). Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.