■ DAVID BRAUN et al., Respondents, v VILLAGE OF NEW SQUARE, Appellant, et al., Defendant. [770 NYS2d 743]—

In an action to recover damages for injury to property, the defendant Village of New Square appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 13, 2003, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, the complaint insofar as asserted against the appellant is dismissed, and the action against the remaining defendant is severed.

The plaintiffs' property allegedly was damaged by flooding which was caused by a defective drainage system on the street where the property is located. They subsequently commenced this action against the defendant Village of New Square and another defendant to recover for the damage to their property. The Village moved, among other things, for summary judgment

dismissing the complaint insofar as asserted against it on the ground that it did not have prior written notice of the allegedly defective condition as required by its local law and Village Law § 6-628 as a condition precedent to suit.

The Village demonstrated its entitlement to judgment as a matter of law by establishing that it did not receive prior written notice of the allegedly defective drainage system. Contrary to the plaintiffs' contention, actual notice of the condition did not satisfy the prior written notice requirement (*see Berner v Town of Huntington,* 304 AD2d 513 [2003]; *Anderson v Town of Smithtown,* 292 AD2d 406 [2002]; *Harvey v Monteforte,* 292 AD2d 420 [2002]). As the plaintiffs failed to raise a triable issue of fact, the Supreme Court should have granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.