■ CHRISTINE SCAFIDI et al., Respondents, v TOWN OF ISLIP, Appellant. [824 NYS2d 410]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 21, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

"The affidavit of an official charged with the responsibility of keeping an indexed record of all notices of defective conditions received by [a town] is sufficient to establish that no prior written notice was filed" (*Cruz v City of New York*, 218 AD2d 546, 547 [1995]; *see Campisi v Bronx Water & Sewer Serv.*, 1 AD3d 166, 167 [2003]; *Cortes v City of Mount Vernon*, 262 AD2d 441 [1999]; *cf. Goldberger v Village of Kiryas Joel*, 31 AD3d 496 [2006]; *Rupp v City of Port Jervis*, 10 AD3d 391 [2004]). Contrary to the determination of the Supreme Court, the plaintiff Robert Scafidi's conclusory and unsubstantiated claim that he supplied the defendant with prior written notice of the allegedly defective condition was inadequate to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the defendant established, prima facie, its entitlement to judgment as a matter of law by submitting evidence that it had no prior written notice of the alleged defect (*see* Town Law § 65-a; *Wilkie v Town of Huntington*, 29 AD3d 898 [2006]; *Patti v Town of N. Hempstead*, 23 AD3d 362 [2005]). The plaintiffs' evidentiary submissions in opposition were also insufficient to raise a triable issue of fact as to whether the defendant either created the condition by affirmative negligence or derived a special benefit from the area unrelated to the public use (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Kaufman v Silver*, 90 NY2d 204 [1997]). The Supreme Court

therefore erred in denying the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Adams, Krausman and Rivera, JJ., concur.