■ MICHAEL SPANOS, Respondent, v TOWN OF CLARKSTOWN, Appellant. [916 NYS2d 181]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Jamieson, J.), entered July 13, 2010, which granted the plaintiff's motion to reinstate the note of issue and restore the action to the trial calendar and, in effect, denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion for summary judgment dismissing the complaint is granted, and the plaintiff's motion is denied as academic.

The plaintiff alleges that he tripped and fell over a pothole on New Valley Road in the defendant Town of Clarkstown, sustaining injuries. He commenced this timely action against the defendant, issue was joined, and discovery completed. However, after the note of issue was filed, the action was marked off the calendar. Thereafter, the plaintiff moved to reinstate the note of issue and restore the action to the trial calendar, and the defendant opposed, arguing that the action lacked merit, as it had no prior written notice of the subject pothole. The defendant also cross-moved for summary judgment dismissing the complaint on that ground.

The Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's cross motion, finding that the defendant's own motion papers raised a triable issue of fact as to the adequacy of the plaintiff's claim and the defendant's entitlement to summary judgment. Specifically, the Supreme Court found that an affidavit of a town employee which the defendant submitted in its motion papers raised a question of fact as to the applicability of the affirmative negligence exception to the prior written notice requirement, inasmuch as the employee averred that two months before the plaintiff's accident, the defendant had repaired the subject roadway. The defendant appeals.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of its Deputy Town Clerk, wherein she stated that her search of the Town's records revealed no prior written notice of any hazardous condition in the roadway where the accident occurred (*see* Town Law § 65-a [1]; Code of Town of Clarkstown former

§ 188-1 [A]; *Pagano v Town of Smithtown*, 74 AD3d 1304 [2010]; *LiFrieri v Town of Smithtown*, 72 AD3d 750, 752 [2010]; *Scafidi v Town of Islip*, 34 AD3d 669 [2006]; *see also Gorman v Town of Huntington*, 12 NY3d 275, 279 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, a verbal complaint reduced to writing by a municipality does not constitute prior written notice (*see McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]; *Akcelik v Town of Islip*, 38 AD3d 483 [2007]; *Dalton v City of Saratoga Springs*, 12 AD3d 899, 901 [2004]; *Cenname v Town of Smithtown*, 303 AD2d 351 [2003]; *see also Gorman v Town of Huntington*, 12 NY3d at 280). Further, contrary to the Supreme Court's determination, evidence included in the defendant's motion papers indicating that the defendant undertook repairs to the subject roadway two months before the plaintiff's accident is insufficient to establish the applicability of the affirmative negligence exception to the prior written notice requirement, as the plaintiff failed to raise an issue of fact as to whether the defendant's repair " 'immediately result[ed] in the existence of a dangerous condition' " (*Oboler v City of New York*, 8 NY3d 888, 889 [2007] [emphasis omitted], quoting *Bielecki v City of New York*, 14 AD3d 301, 301 [2005]; *see* Town Law § 65-a [1]; *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Augustine v Town of Islip*, 28 AD3d 503 [2006]).

Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint. In light of our determination, the plaintiff's motion to reinstate the note of issue and restore the action to the trial calendar is denied as academic. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.