■ VIVIAN SIMON, Respondent, v INCORPORATED VILLAGE OF LYNBROOK, Appellant. [983 NYS2d 308]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered December 19, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

While walking on a public sidewalk, the plaintiff allegedly tripped on a defective sidewalk condition and fell. She then commenced this action against the defendant, the municipality in which the sidewalk was located. The defendant moved for summary judgment, contending that it lacked prior written notice of the allegedly defective condition. The Supreme Court denied the motion.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Salierno v City of Mount Vernon*, 107 AD3d 971 [2013]; *Carlucci v Village of Scarsdale*, 104 AD3d 797 [2013]). "The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality" (*Avellino v City of New York*, 107 AD3d 836, 837 [2013]; *see Amabile v City of Buffalo*, 93 NY2d at 474; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]; *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the defendant established its entitlement to judgment

as a matter of law by demonstrating, prima facie, that it lacked prior written notice of the allegedly defective condition (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Oliveri v Village of Greenport*, 93 AD3d 773 [2012]; *Rodriguez v Town of Islip*, 89 AD3d 1077 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. The defendant's actual or constructive notice of the allegedly defective condition does not satisfy the prior written notice requirement (*see Amabile v City of Buffalo*, 93 NY2d at 475-476; *Magee v Town of Brookhaven*, 95 AD3d 1179 [2012]; *Braun v Village of New Sq.*, 3 AD3d 513, 514 [2004]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.