■ ITALINA VELHO, Respondent, v VILLAGE OF SLEEPY HOLLOW, Appellant, and ELIZABETH GOYZUETA et al., Respondents. [987 NYS2d 879]—

In an action to recover damages for personal injuries, the defendant Village of Sleepy Hollow appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 3, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted the cross motion of the defendants Elizabeth Goyzueta and Juan Antonio Mora for summary judgment on their cross claim for indemnification.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of the defendant Village of Sleepy Hollow for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and the cross motion of the defendants Elizabeth Goyzueta and Juan Antonio Mora for summary judgment on their cross claim for indemnification is denied.

On June 21, 2010, the plaintiff allegedly sustained personal injuries when she tripped and fell on a sidewalk in the Village of Sleepy Hollow that had been raised by the roots of a curbside tree. Prior to the accident, on January 12, 2010, one of the abutting homeowners, the defendant Elizabeth Goyzueta, went to the Village office that accepts payment for water bills and taxes, and made a verbal complaint that the roots of the abutting tree were lifting the sidewalk abutting her property. Her verbal complaint was reduced to a writing in the form of an application for a tree removal permit. By letter dated January 21, 2010, the Village Architect informed Goyzueta that the tree would not be removed but that the Village would repair the sidewalk. The sidewalk was not repaired prior to the accident.

The plaintiff commenced this action against the Village, which owned the tree, and the abutting homeowners, Goyzueta and Juan Antonio Mora (hereinafter together the homeowners). The Village moved for summary judgment dismissing the complaint

and all cross claims insofar as asserted against it, contending that it could not be held liable for the plaintiff's injuries since it did not have prior written notice of the alleged hazardous condition. The homeowners cross-moved for summary judgment on their cross claim for indemnification. The Supreme Court denied the Village's motion and granted the homeowners' cross motion.

The Village established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of its Village Clerk, who averred that her search of the Village's records revealed no prior written notice of any hazardous condition on the sidewalk where the accident occurred (*see Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]; *Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Spanos v Town of Clarkstown*, 81 AD3d 711, 712 [2011]; *LiFrieri v Town of Smithtown*, 72 AD3d 750, 752 [2010]; *Scafidi v Town of Islip*, 34 AD3d 669 [2006]). In opposition, the plaintiff and the homeowners failed to raise a triable issue of fact. Their submissions failed to show that the Village affirmatively created the alleged hazardous condition (*see Oswald v City of Niagara Falls*, 13 AD3d 1155, 1156 [2004]; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003]; *Michela v County of Nassau*, 176 AD2d 707, 708 [1991]), or caused the alleged hazardous condition to occur by its special use of the sidewalk (*see Romano v Leger*, 72 AD3d 1059, 1059-1060 [2010]; *Harvey v Monteforte*, 292 AD2d 420, 421 [2002]; *Gomez v City of New York*, 238 AD2d 472 [1997]). Actual notice of the alleged hazardous condition does not override the statutory requirement of prior written notice of a sidewalk defect (*see Chirco v City of Long Beach*, 106 AD3d 941, 943 [2013]; *McCarthy v City of White Plains*, 54 AD3d 828, 830 [2008]; *Ferreira v County of Orange*, 34 AD3d 724, 725 [2006]; *Braun v Village of New Sq.*, 3 AD3d 513, 514 [2004]).

Accordingly, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied the homeowners' cross motion for summary judgment on their cross claim for indemnification. Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.