■ ORLANDO GONZALEZ et al., Respondents, v TOWN OF HEMPSTEAD, Appellant, et al., Defendants. [2 NYS3d 527]—

In an action to recover damages for personal injuries, etc., the defendant Town of Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered April 19, 2013, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Town of Hempstead for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On February 1, 2010, the plaintiff Orlando Gonzalez (hereinafter the injured plaintiff) allegedly sustained injuries when he tripped and fell on bolts protruding from a sidewalk in Franklin Square in the Town of Hempstead. The bolts allegedly were left in the ground after a bench that had been anchored to the sidewalk by those bolts was damaged during an automobile accident on December 31, 2009. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the Town, among others. Thereafter, the Town cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order entered April 19, 2013, the Supreme Court, inter alia, denied the Town's cross motion. The Town appeals from that portion of the order.

"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Barnes v Incorporated Vil. of Port Jefferson*, 120 AD3d 528, 529 [2014]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]). "Actual notice of the alleged hazardous condition does not override the statutory requirement of prior written notice of a sidewalk defect" (*Velho v Village of Sleepy Hollow*, 119 AD3d 551, 552 [2014]).

The Town established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of the Highway General Crew Chief of the Town's Department of Highways, who averred that his search of the Town's records revealed no prior written notice of any hazardous condition on the sidewalk where the accident occurred (*see Johnson v Braun*,

120 AD3d 765 [2014]; *Velho v Village of Sleepy Hollow,* 119 AD3d at 552; *Spanos v Town of Clarkstown,* 81 AD3d 711, 713 [2011]). The plaintiffs failed to raise a triable issue of fact in opposition, while the Town's codefendants submitted no opposition. The plaintiffs' contention that the Town affirmatively created a dangerous condition was without support in the record, and speculative in any event (*see Smith v City of Mount Vernon,* 101 AD3d 847, 848 [2012]; *Weinberg v City of New York,* 96 AD3d 736 [2012]; *McCarthy v City of White Plains,* 54 AD3d 828, 830 [2008]; *Katsoudas v City of New York,* 29 AD3d 740, 741 [2006]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court erred in denying the Town's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Eng, P.J., Mastro, Roman and Miller, JJ., concur.