■ IRMA WOLIN, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent, et al., Defendants. [11 NYS3d 627]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Asarch, J.), dated January 24, 2013, as granted that branch of the cross motion of the defendant Town of North Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 19, 2010, the plaintiff allegedly sustained injuries when she tripped and fell on a sidewalk raised by tree roots located on Wooleys Lane in the Town of North Hempstead. The plaintiff commenced an action against, among others, the Town, to recover damages for personal injuries. The Town cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated January 24, 2013, the Supreme Court, inter alia, granted the Town's motion.

"A municipality that has enacted a prior written notice statute may not be subjected to liability for injuries caused by a defective condition in a sidewalk unless it either has received written notice of the defect or an exception to the written notice requirement applies" (*Monaco v Hodosky*, 127 AD3d 705, 706 [2015]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Barnes v Incorporated Vil. of Port Jefferson*, 120 AD3d 528, 529 [2014]; *Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692, 692 [2014]). " 'The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property' " (*Gonzalez v Town of Hempstead*, 124 AD3d 719, 720 [2015], quoting *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]). The affirmative negligence exception is limited to work done by a municipality that immediately results in the existence of a dangerous condition (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Methal v City of New York*, 116 AD3d 743, 743-744 [2014]; *Forbes v City of New York*, 85 AD3d at 1107). Here, the Town has adopted a prior written notice law stating that written notices must be "manually subscribed by the complainant" and submitted to the Town Superintendent of Highways or the Town Clerk (Code of Town of North Hempstead § 26-1).

The Town established its prima facie entitlement to judgment as a matter of law by submitting the affidavits of the statutory designees, the Superintendent of Highways (herein-

after the Superintendent) and the Town Clerk, both of whom averred that a search of the appropriate records had been done and there was no prior written notice of the alleged defective condition that caused the plaintiff's accident (*see Gonzalez v Town of Hempstead*, 124 AD3d at 720-721; *Johnson v Braun*, 120 AD3d 765, 766 [2014]; *Velho v Village of Sleepy Hollow*, 119 AD3d 551, 552 [2014]). The Superintendent also averred that the Town Highway Department did not undertake any construction, repair, or alteration of the subject sidewalk. The Town also submitted, inter alia, the affidavit of the Town's Deputy Commissioner of Public Works, in which she stated that the Town's sidewalk district did not undertake any construction, repair, or alteration of the subject sidewalk.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town was provided with prior written notice or whether an exception to that requirement applied (*see Methal v City of New York*, 116 AD3d at 744; *Wald v City of New York*, 115 AD3d 939, 941 [2014]; *Oliveri v Village of Greenport*, 93 AD3d 773, 774 [2012]).

Contrary to the plaintiff's contention, the various writings that were prepared by town employees in response to a verbal complaint did not satisfy the prior written notice requirement (*see Spanos v Town of Clarkstown*, 81 AD3d 711, 713 [2011]; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1008 [2010]; *McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]). In addition, the system-generated email dated November 23, 2009, concerning the removal of a tree located adjacent to the subject sidewalk, which was sent to, among others, a local council member, did not satisfy the statutory requirement that written notice be "manually subscribed by the complainant," and be given to the Town Superintendent of Highways or the Town Clerk (*see* Code of Town of North Hempstead § 26-1; *Vardoulias v County of Nassau*, 84 AD3d 787, 788-789 [2011]; *Kiszenik v Town of Huntington*, 70 AD3d at 1008; *McCarthy v City of White Plains*, 54 AD3d at 829).

Furthermore, the fact that the Town may have inspected the area where the plaintiff fell prior to her accident in connection with the removal of the tree does not obviate the need for prior written notice (*see Amabile v City of Buffalo*, 93 NY2d at 476; *Cenname v Town of Smithtown*, 303 AD2d 351, 352 [2003]; *Passaro v City of Newburgh*, 272 AD2d 385, 386 [2000]). The Town's actual or constructive notice of the allegedly defective condition does not override the statutory requirement of prior written notice (*see Amabile v City of Buffalo*, 93 NY2d at 475-476; *Velho v Village of Sleepy Hollow*, 119 AD3d at 552; *Simon*

*v Incorporated Vil. of Lynbrook*, 116 AD3d 692 [2014]; *Minew v City of New York*, 106 AD3d 1060, 1061-1062 [2013]).

Moreover, the plaintiff's contention that the Town affirmatively created a dangerous condition was speculative and without any evidentiary support (*see Gonzalez v Town of Hempstead*, 124 AD3d at 721; *Velho v Village of Sleepy Hollow*, 119 AD3d at 552; *Lipari v Town of Oyster Bay*, 116 AD3d 927, 928-929 [2014]; *Smith v City of Mount Vernon*, 101 AD3d 847, 848-849 [2012]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the Town's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.