■ VINCENZO MAGGIO, Respondent, v TOWN OF HEMPSTEAD, Appellant, et al., Defendants. [20 NYS3d 576]—

In an action to recover damages for personal injuries, the defendant Town of Hempstead appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered December 18, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Town of Hempstead for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly sustained personal injuries when he tripped and fell on a defect in a roadway. He subsequently commenced this action against, among others, the defendant Town of Hempstead. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not have prior written notice of the defect and that it did not create the alleged hazardous condition. The Supreme Court denied the motion. We reverse.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (*Maya v Town of Hempstead*, 127 AD3d 1146, 1148 [2015]; *see Gonzalez v Town of Hempstead*, 124 AD3d 719, 720 [2015]). "The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an af-

firmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it" (*Levy v City of New York*, 94 AD3d 1060, 1060 [2012]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Knapp v Town of Hempstead*, 130 AD3d 579, 580 [2015]).

Insofar as is relevant here, the Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defect and that it did not create the alleged defect (*see Gonzalez v Town of Hempstead*, 124 AD3d 719 [2015]; *Cuzzo v Town of Hempstead*, 61 AD3d 921 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the nonparty abutting property owner, wherein he alleged that he saw some workers repair the area where the incident occurred years prior to the incident, was insufficient to raise a triable issue of fact as to whether the Town created the alleged defect. Similarly, the affidavit of the plaintiff's expert wherein he alleged that this prior repair work must have been done by the Town since no permits had been issued for the work is speculative and insufficient to raise a triable issue of fact as to whether the Town created the alleged defect (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Monopoli v County of Nassau*, 292 AD2d 356, 357 [2002]). Therefore, the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted.

The Town's remaining contentions are either academic in light of our determination or not properly before this Court. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.