■ LISA FACTOR, Respondent, v TOWN OF ISLIP, Appellant, et al., Defendant. [22 NYS3d 230]—

In an action to recover damages for personal injuries, the defendant Town of Islip appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated January 5, 2015, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Town of Islip for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On June 26, 2010, the plaintiff allegedly sustained personal injuries when she tripped and fell on a sidewalk on Main Street, in the defendant Town of Islip. The accident occurred in front of Tellers Restaurant (hereinafter Tellers). Prior to the accident, in June 2009, a letter was sent to the Town Supervisor by a woman whose husband allegedly had tripped and fallen over a raised portion of the sidewalk on Main Street

near Tellers. With respect to that incident, a town accident/ incident report was eventually forwarded to the Town Safety Officer with a copy to the Town Attorney. Subsequently, the Town Clerk received a notice of claim that another person had tripped over a raised sidewalk flag on Main Street, near Tellers, on August 4, 2009. According to this notice of claim, the defect was located approximately 86 feet from the flagpole located at the Islip Veterans Memorial Park.

The plaintiff filed a notice of claim advising the Town that she fell due to an alleged uneven paver located where the sidewalk met "a certain brick/installed median between said sidewalk and the north-side curb" in front of Tellers. She clarified that the defect was located 126 feet southwest of the same flagpole referenced in the August 4, 2009, notice of claim. Thereafter, the plaintiff commenced this action against, among others, the Town, to recover damages for her personal injuries.

The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Town argued that it did not have prior written notice of the subject defect. The Supreme Court, inter alia, denied the Town's motion, and the Town appeals from so much of the order as denied its motion.

"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011] [internal quotation marks omitted]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Abano v Suffolk County Community Coll.*, 66 AD3d 719, 719 [2009]). Not "every written complaint to a municipal agency necessarily satisfies the strict requirements of prior written notice" (*Gorman v Town of Huntington*, 12 NY3d 275, 279 [2009]).

Once a municipality establishes that it lacked prior written notice of an alleged defect, the burden shifts to the plaintiff to demonstrate that a question of fact exists as to one of the exceptions to the prior written notice requirement, either that the municipality affirmatively created the alleged hazardous condition or caused the hazardous condition to occur by the special use of the area in question (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 127-128 [2011]; *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]).

The Town enacted an ordinance which provides, in relevant part, that no civil action shall be maintained against it for

injuries sustained by reason of a defective or dangerous condition of a sidewalk unless prior written notice of such condition was actually given to the Town Clerk or the Commissioner of Public Works, and the Town failed to repair it within a reasonable time thereafter (*see* Town of Islip Code § 47A-3 [A]; *see also* Town Law § 65-a; *Delaney v Town of Islip*, 63 AD3d 658, 659 [2009]; *Nixdorf v East Islip School Dist.*, 276 AD2d 759, 759 [2000]; *Tramontano v County of Suffolk*, 239 AD2d 407, 407 [1997]).

Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the executive assistant to the Town Clerk (hereinafter the assistant) who was in charge of maintaining and searching for notices of claim or defects provided to the Town Clerk. The assistant testified that her search of the Town's records maintained by the Town Clerk revealed no prior written notice of a defective condition, as was alleged in the plaintiff's notice of claim, on the sidewalk where the accident occurred (*see Gorman v Town of Huntington*, 12 NY3d at 280; *Amabile v City of Buffalo*, 93 NY2d at 474; *Velho v Village of Sleepy Hollow*, 119 AD3d 551, 552 [2014]). Moreover, the Town also submitted an affidavit from an administrative aide to the Town's Commissioner of Public Works, who averred that she searched the records maintained by the Department of Public Works and found that there was no prior written notice of the subject defect in those records (*see Gorman v Town of Huntington*, 12 NY3d at 280; *Amabile v City of Buffalo*, 93 NY2d at 474; *Velho v Village of Sleepy Hollow*, 119 AD3d at 552).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town received prior written notice. The plaintiff presented no evidence to demonstrate that either exception to the prior written notice requirement applied (*see Velho v Village of Sleepy Hollow*, 119 AD3d at 552). Moreover, "[a]ctual notice of [an] alleged hazardous condition does not override the statutory requirement of prior written notice of a sidewalk defect" (*id.*; *see Amabile v City of Buffalo*, 93 NY2d at 475-476; *DeVita v Town of Brookhaven*, 128 AD3d 759, 759 [2015]; *Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692, 693 [2014]). Here, the plaintiff's reliance on the June 2009 letter and accident/incident report as the basis to satisfy the statutory prior written notice requirement is misplaced, since there is no evidence to raise an issue of fact as to whether either one was sent to the Town Clerk or Commissioner of Public Works, as required by the Town of Islip Code § 47A-3 (A) (*see Gorman v Town of Huntington*, 12 NY3d at 280).

Further, the condition alleged in the prior August 4, 2009, notice of claim did not raise an issue of fact as to whether it constituted notice of the subject defective condition which allegedly caused the plaintiff to fall, since the earlier notice of claim referred to a separate defective condition on Main Street which was approximately 40 feet away (*see Chirco v City of Long Beach*, 106 AD3d 941, 942-943 [2013]).

The appellant's remaining contention is not properly before this Court.

Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balkin, J.P., Austin, Sgroi and LaSalle, , JJ., concur.