Cruzate v Town of Islip (2018 NY Slip Op 04531)





Cruzate v Town of Islip


2018 NY Slip Op 04531


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04779
 (Index No. 18196/07)

[*1]Ruben Cruzate, et al., appellants, 
v
Town of Islip, respondent (and a third-party action).


Guercio & Guercio, LLP, Farmingdale, NY (Christopher F. Mestecky and Anthony J. Fasano of counsel), for appellants.
Jakubowski, Robertson, Maffei, Goldsmith & Tartaglia, LLP, Saint James, NY (James J. Herz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated March 11, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion pursuant to CPLR 3126 to strike the defendant's answer or, in the alternative, to impose sanctions for spoliation of evidence.
ORDERED that the order is affirmed, with costs.
The plaintiff Ruben Cruzate (hereinafter the injured plaintiff) allegedly was injured when the front wheel of his vehicle struck a raised portion of a drainage cover, which he did not see prior to the accident because the street had flooded. The injured plaintiff, and his wife suing derivatively, commenced this action against the Town of Islip, asserting causes of action to recover damages for personal injuries and loss of consortium.
The Town moved for summary judgment dismissing the complaint, arguing that it is immune from liability caused by an inadequately designed drainage system, that there was no evidence that it negligently maintained the roadway or drainage system, and that it lacked prior written notice of the alleged defect. The plaintiffs opposed the motion and cross-moved pursuant to CPLR 3126 to strike the Town's answer or, in the alternative, to impose sanctions for spoliation of evidence. The Supreme Court granted the Town's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
The Town has enacted a prior written notice law (see Factor v Town of Islip, 134 AD3d 984, 985-986). "A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Forbes v City of New York, 85 AD3d 1106, 1107 [internal quotation marks omitted]). Once a municipality establishes that it lacked prior written notice of an alleged defect, the burden shifts to the plaintiff to demonstrate that a question of fact exists as to one of the exceptions to the prior written notice requirement, either that the municipality affirmatively created the alleged hazardous condition or that a special use of the area in question conferred a special benefit upon the municipality (see Amabile v City of Buffalo, 93 NY2d 471, 474; Factor v Town of Islip, 134 AD3d at 985).
Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony and affidavits of a project supervisor for the Town Department of Public Works, who averred that searches of the records maintained by the Town revealed no prior written notice of a defective condition in the vicinity of the injured plaintiff's alleged accident (see id. at 986). In addition, the lack of prior written notice was also established through affidavits of an executive assistant to the Town Clerk, who averred that her search of the Town's records did not reveal any prior written complaints regarding the allegedly defective condition.
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Town received prior written notice. The plaintiffs also presented no evidence indicating that either exception to the prior written notice requirement applied in this case (see Amabile v City of Buffalo, 93 NY2d at 474). Therefore, we agree with the Supreme Court's determination to grant the Town's motion for summary judgment dismissing the complaint.
Furthermore, we agree with the Supreme Court's determination to deny the plaintiffs' cross motion pursuant to CPLR 3126 to strike the Town's answer or, in the alternative, to impose sanctions for spoliation of evidence due to the destruction of log books. The plaintiffs' claim that relevant evidence was destroyed is based upon speculation.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court