Coventry v Town of Huntington (2018 NY Slip Op 06715)





Coventry v Town of Huntington


2018 NY Slip Op 06715


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-03981
2016-10343
 (Index No. 38633/08)

[*1]Alexander N. Coventry, etc., et al., appellants,
v
Town of Huntington, respondent, et al., defendant (and a third-party action).


Andrea & Towsky, Garden City, NY (Frank A. Andrea III of counsel), for appellants.
Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert G. Vizza of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), entered February 3, 2016, and (2) an order of the same court entered September 2, 2016. The order entered February 3, 2016, insofar as appealed from, granted the motion of the defendant Town of Huntington for summary judgment dismissing the complaint insofar as asserted against it. The order entered September 2, 2016, insofar as appealed from, denied the plaintiffs' motion for leave to reargue their opposition to the motion of the defendant Town of Huntington for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order entered September 2, 2016, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered February 3, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Town of Huntington.
On June 12, 2008, the infant plaintiff allegedly sustained injuries when he cut his foot on a rusty drainage pipe as he walked in water at a beach in Centerport Harbor in the Town of Huntington. The drainage pipe was described by the Town's witnesses as a conduit, or culvert, for the run-off of rainwater on a nearby roadway that was collected in a catch basin beneath the roadway, then routed under the sand and into the open waters through the subject drainage pipe. At the time of the incident, the infant plaintiff was attempting to retrieve a ball from the water.
The infant plaintiff, and his mother suing derivatively, commenced this action, among other things, to recover damages for personal injuries against the Town. The Town moved for summary judgment dismissing the complaint insofar as asserted against it. By order entered February 3, 2016, the Supreme Court, inter alia, granted the Town's motion. The court found that the Town established its prima facie entitlement to judgment as a matter of law by submitting [*2]evidence that it had no prior written notice of the alleged dangerous condition, the defective drainage pipe, which it determined falls within the definition of "culvert" under the Code of the Town of Huntington, and, in opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs appeal from so much of the order as granted the Town's motion for summary judgment. The plaintiffs assert, inter alia, that the Supreme Court erred in applying the prior written notice requirement of Code of the Town of Huntington § 174-3(A) as a precondition to commencing this action against the Town, arguing that the drainage pipe at issue falls outside the scope of the prior written notice statute because it is not a culvert. Code of the Town of Huntington § 174-3(A) provides: "No civil action shall be maintained against . . . the Town of Huntington, its elected officials, public officers, agents, servants and/or employees . . . for damages or injuries to person or property sustained by reason of any highway, bridge, culvert, street, sidewalk or crosswalk owned, operated or maintained by the town or owned, operated or maintained by any improvement or special district therein being defective, out of repair, unsafe, dangerous or obstructed unless written notice of the specific location and nature of such defective, unsafe, out of repair, dangerous or obstructed condition by a person with first-hand knowledge was actually given to the Town Clerk or the Town Superintendent of Highways in accordance with § 174-5 hereof and there was thereafter a failure or neglect within a reasonable time to repair or remove the defect, danger or obstruction complained of. In no event shall . . . the Town of Huntington, its elected officials, public officers, agents, servants and/or employees . . . be liable for damage or injury to persons or property in the absence of such prior written notice. Constructive notice shall not be applicable or valid."
Contrary to the plaintiffs' contention, the Town demonstrated by the submission of the affidavit of its expert engineer, that the drainage pipe at issue is a culvert and, thus, falls within the ambit of the statute. In opposition, the plaintiffs failed to raise a triable issue of fact as to the nature of the subject drainage pipe.
"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529; see Amabile v City of Buffalo, 93 NY2d 471). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (Forbes v City of New York, 85 AD3d 1106, 1107; see Maggio v Town of Hempstead, 134 AD3d 685; Gonzalez v Town of Hempstead, 124 AD3d 719).
Insofar as is relevant here, the Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defect through the submission of, inter alia, the affidavit of an employee of the Town's Department of Highways, who averred that his search of the Town's records revealed no prior written notice of any hazardous condition of the culvert where the accident occurred (see Gonzalez v Town of Hempstead, 124 AD3d 719; Johnson v Braun, 120 AD3d 765; Velho v Village of Sleepy Hollow, 119 AD3d 551).
In opposition, the plaintiffs failed to raise a triable issue of fact. Actual or constructive notice of the alleged hazardous condition does not override the statutory requirement of prior written notice (see Velho v Village of Sleepy Hollow, 119 AD3d 551; Chirco v City of Long Beach, 106 AD3d 941; McCarthy v City of White Plains, 54 AD3d 828).
Accordingly, we agree with the Supreme Court's determination granting the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court