Cook v City of Amsterdam (2019 NY Slip Op 04808)





Cook v City of Amsterdam


2019 NY Slip Op 04808


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

527764

[*1]CHRISTOPHER F. COOK, Appellant,
v
CITY OF AMSTERDAM, Respondent.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Robert A. Becher, Albany, for appellant.
Kelly & Leonard LLP, Ballston Spa (Avis Decaire of Condon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered April 27, 2018 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint.
In October 2014, plaintiff allegedly sustained injuries when he stepped into a hole and fell while walking upon a roadway in the City of Amsterdam, Montgomery County. He thereafter commenced this negligence action against defendant to recover damages for personal injuries. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the basis that it had not received prior written notice of the defective condition of the roadway as required by Local Law No. 2 (1997) of the City of Amsterdam (hereinafter Local Law No. 2). Supreme Court granted the motion, and plaintiff appeals.
We affirm. With two limited exceptions that are not applicable in this case, " [w]here, as here, a municipality has enacted a prior written notice statute pertaining to its thoroughfares or sidewalks, it cannot be held liable unless such written notice of the allegedly defective or dangerous condition was actually given" (Van Wageningen v City of Ithaca, 168 AD3d 1266, 1266 [2019] [internal quotation marks and citations omitted]). Accordingly, this action may proceed only if prior written notice of the alleged defect was filed in the office of either the Department of Public Works or the City Clerk in compliance with Local Law No. 2.
Defendant met its initial burden of showing the absence of prior written notice by submitting affidavits and deposition testimony from custodians of the records of the offices of both the City Clerk and the Department of Public Works. Each averred that a review of the relevant records maintained by their respective offices revealed that no written notice of any defect had been received for the relevant area. In opposition, plaintiff submitted proof that defendant had received two verbal complaints about the condition of the relevant area prior to the date of plaintiff's accident that led to an inspection by City personnel and the preparation of a written work order for repairs. However, verbal reports do not satisfy the prior written notice [*2]requirement in Local Law No. 2 (see Gorman v Town of Huntington, 12 NY3d 275, 280 [2009]; Van Wageningen v City of Ithaca, 168 AD3d at 1267; Dalton v City of Saratoga Springs, 12 AD3d 899, 901 [2004]), and actual notice of an alleged defect "does not override the statutory requirement of prior written notice" (Wolin v Town of N. Hempstead, 129 AD3d 833, 835 [2015]). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.