Salitan v Town of Yorktown (2019 NY Slip Op 09050)





Salitan v Town of Yorktown


2019 NY Slip Op 09050


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-03165
 (Index No. 63261/12)

[*1]Michael Salitan, etc., appellant,
v
Town of Yorktown, respondent.


Bartels & Feureisen, LLP, White Plains, NY (Michael Fahey of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Kenneth E. Pitcoff of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated March 8, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
The defendant established, prima facie, that it was entitled to governmental immunity for the allegations that it negligently designed and permitted the installation of the storm drainage system at issue. "A municipality is immune from liability arising out of claims that it negligently designed [a] sewerage system or storm drainage system" (Carbonaro v Town of N. Hempstead, 97 AD3d 624, 624-625 [internal quotation marks omitted]; see Nachamie v County of Nassau, 147 AD3d 770, 773).
Although a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained [a] sewerage [or storm drainage] system as [those] claims challenge conduct which is ministerial in nature" (Carbonaro v Town of N. Hempstead, 97 AD3d at 625 [internal quotation marks omitted]), the defendant nevertheless met its prima facie burden for summary judgment dismissing the plaintiff's causes of action based upon allegations that the storm drainage system, culverts, and roadway at issue were negligently maintained, by demonstrating that it received no prior written notice of any maintenance issues regarding those structures, as required by the Code of the Town of Yorktown § 250-23 (see Velho v Village of Sleepy Hollow, 119 AD3d 551, 552; see also Gorman v Town of Huntington, 12 NY3d 275, 280).
In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Contrary to the plaintiff's contention, a 2008 hydraulics and [*2]hydrology report prepared for the defendant by an engineering firm, which made design recommendations regarding the discharge capacity of the culverts, did not satisfy the prior written notice requirement.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court