Hiller v Village of Warwick (2021 NY Slip Op 04704)





Hiller v Village of Warwick


2021 NY Slip Op 04704


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-12078
2020-02454
 (Index No. 505/18)

[*1]Sheila Hiller, et al., respondents, 
v
Village of Warwick, appellant, et al., defendant. Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for appellant.


Beldock & Saunders, P.C., New City, NY (Olivia L. Kamenetsky and Michael Ellman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Village of Warwick appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated October 8, 2019, and (2) an order of the same court dated February 21, 2020. The order dated October 8, 2019, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. The order dated February 21, 2020, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated October 8, 2019, is reversed, on the law, and the motion of the defendant Village of Warwick for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,
ORDERED that the appeal from so much of the order dated February 21, 2020, as denied that branch of the motion of the defendant Village of Warwick which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated October 8, 2019; and it is further,
ORDERED that one bill of costs is awarded to the defendant Village of Warwick.
On April 11, 2017, the plaintiff Sheila Hiller (hereinafter the injured plaintiff) allegedly tripped over a raised sidewalk flag located in the Village of Warwick. The injured plaintiff, and her husband suing derivatively, commenced this action against the Village and the owner of the property abutting the sidewalk, alleging negligent maintenance of the sidewalk flag. The Village moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, among others, that the Village Clerk did not receive prior written notice of the alleged defective condition of the sidewalk as required by Code of the Village of Warwick (hereinafter Village Code) § 59-l. In an order dated October 8, 2019, the Supreme Court denied the Village's motion. The Village appeals from that order, and from so much of a subsequent order dated February 21, 2020, as denied that branch of its motion which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it.
Village Code § 59-l provides that "[n]o civil actions shall be maintained against the Village for damages or injuries to persons or property sustained" from a defect in Village property [*2]"unless written notice" of the defect "was actually given to the Village Clerk and there was a failure or neglect within a reasonable time after the receipt of such written notice to repair or remove the defect." Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition pursuant to the terms of the prior written notice law, or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474).
Here, the Village established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, an affidavit from the Village Clerk, who averred that she had conducted a search of the records contained in the Office of the Village Clerk and that there was no prior written notice of the alleged defective condition that caused the injured plaintiff's accident.
In opposition, the plaintiffs failed to raised a triable issue of fact as to whether the Village Clerk had received prior written notice of the alleged defective condition. Evidence that written notice may have been provided to another Village officer or body did not give rise to a triable issue of fact, since Village Code § 59-l requires that written notice be actually given to the Village Clerk (see Gorman v Town of Hungtinton, 12 NY3d 275; Beiner v Village of Scarsdale, 149 AD3d 679, 680-681; Wolin v Town of N. Hempstead, 129 AD3d 833, 834; Cenname v Town of Smithtown, 303 AD2d 351).
Thus, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it.
In view of the foregoing, the appeal from so much of the order entered February 21, 2020, as denied that branch of the Village's motion which was for leave to renew must be dismissed as academic.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court