Boorman v Town of Tuxedo (2022 NY Slip Op 02386)

Boorman v Town of Tuxedo

2022 NY Slip Op 02386

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-12153
 (Index No. 200/18)

[*1]Pamela Boorman, appellant, 
v
Town of Tuxedo, et al., defendants, Village of Tuxedo, respondent.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondent Village of Tuxedo Park, incorrectly sued herein as Village of Tuxedo.
Varvaro Cotter & Bender, White Plains, NY (Joseph Varvaro of counsel), for defendants Charles W. Neuhauser and Liane L. Neuhauser.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 4, 2019. The order, insofar as appealed from, granted that branch of the renewed motion of the defendant Village of Tuxedo which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the renewed motion of the defendant Village of Tuxedo which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff allegedly sustained personal injuries when she fell into a culvert or drainage ditch in the defendant Village of Tuxedo Park, incorrectly sued herein as Village of Tuxedo. The depressed area was covered by leaves and the plaintiff allegedly did not realize that there was a ditch there. The plaintiff commenced this action against, among others, the Village. In a renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the Village argued that it did not have prior written notice that there were leaves covering the culvert, it did not affirmatively cause the culvert to be covered with leaves, and the condition of the culvert was open and obvious and not inherently dangerous. By order dated October 4, 2019, the Supreme Court, inter alia, granted that branch of the Village's renewed motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529; see Amabile v City of Buffalo, 93 NY2d 471, 474; Coventry v Town of Huntington, 165 AD3d 750, 752). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (Forbes v City of New York, 85 AD3d 1106, 1107; see Amabile v City of Buffalo, 93 NY2d [*2]at 474; Gonzalez v Town of Hempstead, 124 AD3d 719).
Here, the Village established, prima facie, that it did not have prior written notice that there were leaves covering the culvert (see Hiller v Village of Warwick, 197 AD3d 631, 632-633; Belluck v Town of N. Hempstead, 193 AD3d 669, 670). In opposition, however, the plaintiff raised a triable issue of fact as to whether the Village affirmatively created the defect (see Pluchino v Village of Walden, 63 AD3d 897; Perrington v City of Mount Vernon, 37 AD3d 571, 572; Padula v City of Long Beach, 20 AD3d 555, 556).
In light of our determination, the Village's remaining contention need not be addressed.
Accordingly, the Supreme Court should have denied the Village's motion.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court